UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DIMENSION CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  1:24-cv-00226-SNLJ |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Church Mutual Insurance Company, S.I.'s (hereinafter "Church Mutual") motion to exclude expert reports, testimony, and opinions of Anna Kangas.  [Doc. 26].  The matter is fully briefed and ripe for disposition.  For the reasons set forth below, the motion to exclude expert reports, testimony, and opinions of Anna Kangas [Doc. 26] is **DENIED**.

## I.    BACKGROUND

This action arises from a claim for property damage brought by plaintiff because of damage allegedly caused by a storm in May 2024.  [Doc. 1].  The action was originally filed in Stoddard County, Missouri.  [*Id.*].  It was then removed to this Court in December 2024 based upon diversity jurisdiction.  [*Id.*].  The complaint alleges two counts against Church Mutual for (1) breach of an insurance contract and (2) vexatious refusal to pay an insurance claim.  [*Id.*].  Church Mutual denies the allegations.  [Doc. 5].

Plaintiff retained Ms. Anna Kangas of Boulder Construction as its expert to support its claim for damages against Church Mutual.  [Doc. 28-3].  Ms. Kangas is a

1

licensed architect and preconstruction manager with Boulder Construction. [*Id.*].   She has a bachelor degree in architecture and a masters degree in public administration. [*Id.*]. Since 2011, she has been involved in architectural and construction work, including as a building and code enforcement manager, a construction project specialist, ADA Title II coordinator, and community development director. [*Id.*].  She has been with Boulder Construction in Cape Girardeau, Missouri since February 2022 as a preconstruction manager. [*Id.*].  Her job duties include meeting with owners to determine project needs, serving as a liaison between clients and design teams to develop drawings and take plans through permitting process, budgeting based on preliminary plans, bidding based on final plans, finalizing subcontracts and purchase orders for projects, and turning projects over to project managers for construction. [*Id.*].  Ms. Kangas provided three opinions:

> "Opinion 1 – The damage caused by the tree falling on the church building caused extensive damage to the building structure.
>
> Opinion 2 – Being open to the elements and animals since the storm has caused additional damage.
>
> Opinion 3 – The costs of repairing the building to its condition prior to the storm."
>
> [*Id.*].

Church Mutual now moves to exclude the reports, testimony, and opinions of Ms. Kangas because:  (1) her cost estimate to repair the property is unreliable and speculative because it admittedly fails to consider the actual damage caused by the Storm and assumes the entire property must be repaired; and, (2) she used flawed and unreliable methodologies to calculate the repair estimate. [Doc. 26].  Plaintiff opposes the motion because (1) Ms. Kangas' opinions are based on her real-world experience doing similar

analyses in Southeast Missouri for the construction firm she works for; and, (2) her opinions are not unreliable nor is she unqualified.  [Doc. 28].

## II.    LEGAL STANDARD

Whether to exclude expert testimony is committed to the district court's discretion – subject, of course, to the Federal Rules of Evidence, including Rule 702.  *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014).  The rule is one of admissibility, not exclusion.  See *Shuck v. CNH Am., LLC*, 498 F.3d 868, 874 (8th Cir. 2007).  Rule 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) The testimony is based on sufficient facts or data;
>
> (c) The testimony is the produce of reliable principles and methods; and
>
> (d) The expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The Rule has been boiled down to a three-part test by the Eighth Circuit:

> "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact.  This is the basic rule of relevancy.  Second, the proposed witness must be qualified to assist the finder of fact.  Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires."
>
> *Johnson*, 754 F.3d at 561 (quoting *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008)).

3

The proponent of the expert testimony bears the burden of showing by a preponderance of the evidence that these requirements are satisfied.  *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006).  An expert's opinion must be excluded only if it "is so fundamentally unsupported that it can offer no assistance to the jury."  *Bonner v. ISP Tech., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001).

### III.    DISCUSSION

Beginning with the first part of the *Daubert* test, the Court is persuaded that Ms. Kangas possesses specialized knowledge or skill in the areas of building structures and all aspects of repair and replacement and general commercial contracting work.  She has fifteen years of experience in these areas including not only the architect and preconstruction aspect, but also in the building and code enforcement aspect.  Plaintiff has shown that Ms. Kangas is sufficiently qualified to assess the alleged storm damage and aftermath, as well as to the estimate for the cost of repairs or replacement.  An expert need not have specialized education to qualify as an expert and may be qualified on experience alone.  *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).  "[F]or an expert witness to be qualified based on experience, that experience must bear a close relationship to the expert's opinion."  *Id.* (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 283-84 (8th Cir. 1995)).  Very few jurors are architects, preconstruction managers, or construction estimators, so Ms. Kangas testimony on these matters will be useful in helping them judge the relevant facts.  "Proponents of expert testimony need not demonstrate that the assessments of their experts are correct, and trial courts are not empowered to determine which of several competing…theories has the

4

best provenance." *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2015).

With respect to the second part of the test, the Court finds that Ms. Kangas is qualified to assist the trier of fact. "An expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007). It is undisputed that Ms. Kangas personally inspected plaintiff's roof and building on two occasions, took photographs, and reviewed a "visual structural assessment" prepared by Ms. Alayna Nordstrom, PE, of Strickland Engineering and a report from the City of Dexter, Missouri. [Doc. 28-3]. Ms. Kangas opinions are reflected preliminarily in her reports, but she also provided further explanations and clarifications for her opinions in her deposition testimony. [Doc. 28-1]. Clearly Church Mutual disagrees with Ms. Kangas, but such disagreement cannot be dismissed out of hand. Ms. Kangas is sufficiently qualified to offer her opinions to the jury.

Finally, as for the third part of the test, the Court finds that Ms. Kangas' testimony is reliable or trustworthy in an evidentiary sense. While Church Mutual makes numerous arguments alleging that Ms. Kangas' opinions and estimates are not sufficiently reliable and lack foundation or support, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Bonner*, 259 F.3d at 929. Church Mutual may cross-examine Ms. Kangas regarding her methodology and factual bases. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of

5

attacking shaky but admissible evidence." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 694 (8th Cir. 2001) (quoting *Daubert*, 509 U.S. at 596).

The Court finds no basis at this point to exclude Ms. Kangas' proposed expert testimony. The Court will continue to exercise its gatekeeping function at trial to ensure that Ms. Kangas' testimony does not exceed her scope of expertise. *See Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001).

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Church Mutual Insurance Company, S.I.'s Motion to Exclude Expert Reports, Testimony, and Opinions of Anna Kangas [Doc. 26] is **DENIED**.

**SO ORDERED** this 13th day of April, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE