UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DIMENSION CHURCH,                          )
                                           )
           Plaintiff,                      )
                                           )
     v.                                    )
                                           )      Case no. 1:24-cv-00226-SNLJ
CHURCH MUTUAL INSURANCE                    )
COMPANY, S.I.,                             )
                                           )
           Defendants.                     )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Dimension Church's Motion for Partial Summary Judgment on Count I of its Petition [Doc. 20] and defendant Church Mutual Insurance Company, S.I.'s Motion for Summary Judgment [Doc. 23].  The motions are fully briefed and ripe for disposition.  For the reasons stated below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

## I.    PROCEDURAL BACKGROUND

Plaintiff Dimension Church (hereinafter referred to as "Dimension") originally filed this action alleging breach of contract and vexatious refusal to pay claims against defendant Church Mutual Insurance Company, S.I. (hereinafter referred to as "Church Mutual") in the Circuit Court of Stoddard County, Missouri.  *See Dimension Church v. Church Mutual Insurance Company*, S.I., Case No. 24SD-CC00107, Circuit Court of Stoddard County, Missouri.  [Doc. 2-2 at p. 12].  The action was removed to this Court on December 13, 2024, based upon diversity jurisdiction.  [Doc. 1].

Dimension and Church Mutual have each filed a motion for summary judgment. [Docs. 20, 23]. Dimension's motion for partial summary judgment alleges that there are no genuine issues of material fact on Count I of the petition for its breach of insurance contract claim. [Doc. 20]. Church Mutual's motion for summary judgment alleges that it is entitled to summary judgment on all of Dimension's claims because "the uncontroverted material facts demonstrate that no contract existed at the time of the loss" so that Dimension cannot prove an essential element of its breach of contract claim and derivative vexatious refusal claim. [Doc. 23].

## II.   FACTUAL BACKGROUND

The following facts are undisputed except where otherwise indicated:

Dimension has a church building located at 621 North Hickory Street in Dexter, Missouri. [Doc. 22-1]. Dimension maintained a commercial casualty property insurance policy with Church Mutual covering its building and various personal property since as early as 2020. [Doc. 22-5]. Dimension's payment history for the commercial casualty property insurance was sporadic, and there were numerous occasions where policies were cancelled for nonpayment of premiums only to be subsequently reinstated with payment. [Doc. 32 at ¶4; Doc. 32-1]. Church Mutual continued to insure Dimension with commercial casualty policies.

Dimension enrolled in Church Mutual's auto-pay system starting in March 2023. [Doc. 22-24 at p. 157; Doc. 32-1 at pp. 57-71]. Those auto-payments were consistently made from Dimension's bank account starting in March 2023 for the policy that was

2

effective January 10, 2023, through January 10, 2024.  [Doc. 32-1 at pp. 53-71].  Church Mutual then issued a commercial casualty policy having policy number 25-650556 with a policy period from January 10, 2024 through January 10, 2025 (hereinafter the "January 2024 policy").  [Doc. 30 at ¶2; Doc. 25-2].  The premium payment notice for the January 2024 policy was billed December 10, 2023, and specifically indicated:  "This bill will not be paid via **AutoPay**.  AutoPay does not carry over to a new policy coverage period. This policy can be registered for AutoPay when the next billing statement is received." [Doc. 22-4 at p. 1].  That premium payment notice was mailed to Dimension Church at 205 W Business US Highway 60 PMB 206, Dexter, MO.  [*Id.*].  Then, on January 10, 2024, Church Mutual sent a premium billing statement to Dimension Church at 205 W Business US Highway 60 PMB 206, Dexter, MO indicating that there was a prior balance and past due balance on the January 2024 policy.  [*Id.* at p. 3].  Then, on February 10, 2024, Church Mutual sent another premium billing statement to Dimension Church at 205 W Business US Highway 60 PMB 206, Dexter, MO indicating that the policy was cancelled effective February 7, 2024, so a credit of $295.20 was applied leaving a past due balance of $403.00 for the January 2024 policy.  [*Id.*].  Church Mutual then sent premium billing statements for the past due balance of $403.00 for the January 2024 policy to Dimension Church at 205 W Business US Highway 60 PMB 206, Dexter, MO on March 10, 2024, April 10, 2024, and May 10, 2024.  [*Id.* at pp. 7-12].  Dimension never made a premium payment towards the January 2024 policy until May 29, 2024. [Doc. 22-7].  On May 29, 2024, Dimension made the past due payment of $403.00 to Church Mutual to cover the January 2024 policy premium through the date of

3

cancellation.  Dimension made this premium payment only after submitting its claim and being advised that the policy had been cancelled for non-payment.  [*Id.*].

The January 2024 policy issued by Church Mutual to Dimension included provisions regarding cancellation.  [Doc. 25-2 at pp. 25, 35-36].  Specifically, the policy provided that:

> "2.  We may cancel, nonrenew, reduce in amount or adversely modify this policy by mailing or delivering to the first Named Insured written notice of this action at least:
>
> a.   10 days before the effective date of this action if due to nonpayment of premium or evidence of incendiarism…
>
> 3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us…
>
> 6.  If notice is mailed, proof of mailing will be sufficient proof of notice."
>
> [*Id.*].

On January 23, 2024, Church Mutual mailed Dimension cancellation notices for lack of payment with an effective cancellation date of February 7, 2024.  [Doc. 32 at ¶19; Doc. 22-8].  The cancellation notices were mailed to two different addresses:  the physical address at 621 N. Hickory Street, Dexter, Missouri and a mailing address of 205 W. Business US Highway 60, Dexter, Missouri 63841-1117.  [*Id.*].  The notice that was mailed to the physical address on Hickory Street was returned to Church Mutual as undeliverable.  [Doc. 22-9].  The notice that was mailed to the mailing address did not include the postal mailing box (PMB) number 206.  [Doc. 22-8].  Dimension's pastor Chris Masters testified that he did not recall receiving either notice of cancellation.  [Doc. 22-24 at pp. 124-125].

4

There is dispute between the parties as to what the "Named Insured's last mailing address known to" Church Mutual was.  Church Mutual takes the position that the policy declaration indicates the last mailing address known to Church Mutual as 205 W. Business US Highway 60, Dexter, Missouri.  [Doc. 25 at ¶5; Doc. 25-7 at pp. 17-19].  Further, Church Mutual asserts that Dimension never contacted Church Mutual to update its mailing address to include the PMB for mailing purposes.  [Doc. 25-7 at p. 20].  Dimension takes the position that Church Mutual was aware of its PMB number 206 because billings and various other cancellation notices since 2021 had been mailed to the mailing address that included the PMB.  [Doc. 22-26 at pp. 17-18; Doc. 22-5; Doc. 25-7 at pp. 19-21].  In fact, prior notices of cancellation had been sent to 205 W. Business US Highway 60 PMB 206, Dexter, Missouri 63841-1117.  [Doc. 22-5].  Dimension had responded to those prior notices of cancellation and had paid the delinquent premiums so that prior policies were reinstated.  [*Id.*].

Church Mutual cancelled the January 2024 policy effective February 7, 2024. [Doc. 22-19].  Notice of the cancellation was mailed to 205 W. Business US Highway 60, Dexter, Missouri without the PMB.  [*Id.*].

On May 26, 2024, a storm caused damage to Dimension.  [Doc. 25-1; Doc. 25-3 at pp. 163-175].  Pastor Chris Masters contacted Church Mutual on May 28, 2024, to advise that Dimension had suffered a loss.  [Doc. 22-24 at p. 126].  Pastor Masters was told that the policy for Dimension had been cancelled.  [*Id.*].  Dimension then notified Church Mutual of the loss in a letter dated June 14, 2024, from Attorney Mark D. Blanton.  [Doc. 22-17].  Then, again, on July 17, 2024, and July 18, 2024, Attorney Mark D. Blanton

submitted correspondence and a claim to Church Mutual on behalf of Dimension. [Doc. 22-18]. On July 19, 2024, Attorney Blanton received communication from Church Mutual's technical claim specialist, Carmen L. Waukau, indicating the January 2024 policy had been cancelled. [Doc. 22-19]. Then, on or about July 23, 2024, Church Mutual formally denied the May 26, 2024, claim for the loss. [Doc. 22-20].

The property has since been demolished and is no longer standing because of threats from the City of Dexter regarding nuisance and condemnation proceedings based upon the damages it sustained as a result of the storm and resulting effects. [Doc. 22-33 at ¶6].

### III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). "The filing of cross-motions does not concede the absence of a triable issue of fact." *Jacobson v. Md. Cas. Co.*, 336 F.2d 72, 75 (8th Cir. 1964); *see also Wright v. Keokuk Cnty. Health Ctr.*, 399 F. Supp. 2d 938, 946 (S.D. Iowa 2005). Instead, the Court must analyze each motion individually and on its own merits. *Wermager v. Cormorant Township Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983).

The burden with motions for summary judgment is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show

that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts.  *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983).  The court is required to resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).  However, a court ruling on a motion for summary judgment must not weigh evidence or make credibility determinations.  *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1045 (8th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## IV.   DISCUSSION

### A. Count I – Breach of Contract

As to Count I of the petition for breach of the insurance contract, the cross-motions for summary judgment filed by Dimension and Church Mutual raise one main dispositive issue:  whether a valid contract existed between Dimension and Church Mutual to cover the loss that occurred on May 26, 2024, or whether Church Mutual had validly cancelled the January 2024 policy for nonpayment of premiums.  The issue boils down to whether Church Mutual breached its contractual duty to provide notice of cancellation to Dimension by failing to send the notice of cancellation to Dimension's

mailing address <u>with</u> the PMB modifier.

Missouri law controls since this is a diversity case.  *See generally Langley v. Allstate Ins. Co.*, 995 F.2d 841, 844 (8th Cir. 1993) (stating federal courts exercising diversity jurisdiction apply state law rules for construing insurance policies).  Under Missouri law, "[t]he rules of contract construction govern insurance policies." *Maritz Holdings, Inc. v. Fed. Ins. Co.*, 298 S.W.3d 92, 99 (Mo. App. E.D. 2009).  It is well-settled under Missouri law that strict compliance with all notice requirements in an insurance policy are a prerequisite to cancellation by either party.  *Safeco Ins. Co. of Am. v. Stone & Sons, Inc.*, 822 S.W.2d 565, 568 (Mo. App. E.D. 1992); *see Farrar v. Mayabb*, 326 S.W.2d 337, 370 (Mo. App. 1959) ("the Missouri courts have held in an unbroken line of decisions, that strict compliance with all the requirements in regard to notice is a prerequisite to cancellation"); *see Farmers Mut. Hail Ins. Co. v. Minton*, 279 S.W.2d 523, 526 (Mo. App. 1955) ("the law is firmly settled that, where a policy contains a specific provision for cancellation by either party, it is binding upon the parties and must be strictly complied with in order to terminate the policy").  "Requiring strict compliance enhances certainty in insurance matters, benefitting both insurers and insureds." *Safeco*, 822 S.W.2d at 568-69.  The burden of proving cancellation of an insurance policy is on the party asserting it.  *Gambill v. Cedar Fork Mut. Aid Soc'y*, 967 S.W.2d 310, 312 (Mo. App. S.D. 1998).

Here, the parties do not dispute what the notice requirements for cancellation of the January 2024 policy are:

"2.  We may cancel, nonrenew, reduce in amount or adversely modify this

8

> policy by mailing or delivering to the first Named Insured written notice of this action at least:
>
> b.  10 days before the effective date of this action if due to nonpayment of premium or evidence of incendiarism…
>
> 3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us…
>
> 6.  If notice is mailed, proof of mailing will be sufficient proof of notice."

[Doc. 25-2 at pp. 25, 35-36].

Rather, the dispute focuses around the phrase "last mailing address known to us." [*Id.*]. Church Mutual argues that the last mailing address known to it was the 205 W. Business US Highway 60, Dexter, Missouri address <u>without</u> the PMB modifier because Dimension had never updated its mailing address. Dimension argues that Church Mutual knew its mailing address included the PMB modifier and that Church Mutual had, in fact, used the PMB modifier with billings and with prior cancellation notices.

"The key to interpreting an insurance policy is to determine whether the policy's language is ambiguous or unambiguous." *Todd v. Missouri United School Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007). In making that determination, the court must consider the language in light of the meaning that would normally be understood by a layperson who bought and paid for the policy. *Ritchie v. Allied Property & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009). "Where insurance policies are unambiguous, the rules of construction are inapplicable, and absent a public policy to the contrary, we will enforce the policy as written." *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208, 210 (Mo. banc 1992). The mere fact that the parties disagree as the meaning of a term or

clause in an insurance policy does not give rise to ambiguity. *Thornburgh Insulation, Inc. v. J.W. Terrill, Inc.*, 236 S.W.3d 651, 655 (Mo. App. E.D. 2007). Likewise, the court will not unreasonably distort the language of the policy or exercise inventive powers for the sole purpose of creating an ambiguity where none otherwise exists. *Todd*, 223 S.W.3d at 163.

This Court does not find that "last mailing address known to us" is an ambiguous phrase. Accordingly, the Court will enforce the policy as written. Knowledge is defined as an awareness or understanding of a fact or circumstance. *See* Black's Law Dictionary (12th ed. 2024). Knowledge can be actual (direct and clear knowledge) or constructive (knowledge that one using reasonable care or diligence should have). *Id.* This Court finds that Church Mutual had knowledge that Dimension's last mailing address included the PMB modifier.

Church Mutual's underwriter, Neil Ziegler, testified that Church Mutual sent cancellation notices to the physical address and the mailing address for their customers. He testified (and the evidence supports) that prior cancellation notices to Dimension had gone to the last mailing address with the PMB modifier. He then testified that he was not aware of any document sent to Church Mutual by Dimension requesting a change in address from the mailing address with the PMB modifier to a mailing address without the PMB modifier. Aside from the mailing address for cancellation notices, Church Mutual had knowledge of the address with the PMB modifier because it was sending premium statements to Dimension for the January 2024 policy at the mailing address with the PMB modifier. Church Mutual does not now get to say that it did not "know" Dimension's last

10

mailing address included the PMB modifier simply because the policy declarations page did not include the PMB modifier.

The Court finds that Church Mutual knew Dimension's last mailing address included the PMB modifier.  Hence, Church Mutual's failure to send the notice of cancellation to Dimension's last mailing address with the PMB modifier did not strictly comply with the cancellation provision of the January 2024 policy.  An incorrectly addressed notice of cancellation is ineffective to cancel an insurance policy.  *See Farrar*, 326 S.W.2d at 340-41; *see also Safeco*, 822 S.W.2d at 569.  Having failed to comply with the plain terms of the policy in regard to cancellation, Church Mutual cannot now escape its liability on such policy.

While the Court finds that Church Mutual breached its contract with Dimension, the Court finds that genuine issues of material fact exist as to the corresponding amount of damages.  See *Howe v. ALD Servs.*, 941 S.W.2d 645, 650 (Mo. App. E.D. 1997) (citing *Rice v. West End Motors, Co.*, 905 S.W.2d 541, 542 (Mo. App. E.D. 1995) ("In order to make a submissible case of breach of contract, the complaining party must establish:  1) the existence of a valid contract; 2) the rights and obligations of the respective parties; 3) a breach; and 4) damages.").  Here, the parties dispute whether the property in question was a "total loss" or whether damages should have been limited to only those necessary to repair or replace the damage caused by the tree to the single corner of the property.  The parties have submitted numerous reports and experts:

1. Alayna Nordstrom, P.E., a structural engineer expert for Dimension;
2. Alexander Szatanek, P.E., a senior engineer expert for Church Mutual;
3. Jason Becker, Director I, an expert for Church Mutual;

11

4. Anna Kangas, LEED AP BD+C, CDT, an expert for Dimension;
5. David Wyman, City Administrator for Dexter, Missouri;
6. Gary Williams, Building/Zoning Inspector for Dexter, Missouri; and,
7. Michael Seabaugh, Certified Appraiser expert for Dimension.

Each of these reports and experts have provided opinions as to the scope of damage to the Dimension property, the appraised value, the cost of repair, and/or the cost of replacement. Genuine issues of material fact arise "where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Wrecking Crew, Inc. v. OHM Hotel Group, LLC*, 707 S.W.3d 774, 777 (Mo. App. E.D. 2024). If genuine issues of material fact exist in the record, summary judgment is improper. *Stanbrough v. Vitek Sols., Inc.*, 445 S.W.3d 90, 97 (Mo. App. E.D. 2014). The Court finds that the record as presented contains competent materials that evidence multiple contradictory versions of the essential facts necessary in calculating Dimension's damages.

Additionally, the parties also dispute whether Dimension used reasonable care in securing the property and preventing prolonged exposure to the elements resulting in mold and additional damages to the building. Generally, whether a party "acted reasonably is an inherently factual inquiry left to the province of the jury." *Doe Run Res. Corp. v. Certain Underwriters at Lloyd's London*, 400 S.W.3d 463, 471 (Mo. App. E.D. 2013) (stating it "is never appropriate" for the court to resolve whether a party acted reasonably "where the underlying facts remain in dispute or where fair-minded people, exercising reasonable judgment, could reach different conclusions on the issue in controversy). The Court finds there are disputed issues of material fact regarding the

12

whether Dimension used reasonable care in securing the property as would impact its claim for damages.  All of the above disputed issues of material fact preclude summary judgment on Dimension's damages element to its breach of contract claim.

For all the reasons stated above, this Court finds that Church Mutual breached the insurance contract with Dimension when it denied the May 26, 2024, claim.  Thus, this Court partially grants Dimension's motion for summary judgment and denies Church Mutual's motion for summary judgment as it relates to Count I for breach of contract.  However, this Court finds that genuine issues of material fact exist regarding the damages Dimension sustained.  Thus, this Court partially denies Dimension's motion for summary judgment as it relates to the amount of damages sustained as a result of Church Mutual's breach of the insurance contract in Count I.

## B.  Count II – Vexatious Refusal

"Missouri law provides that an insured may recover penalties and attorney fees when an insurer denies a claim without reasonable cause or excuse."  *United Fire & Cas. Co. v. Historic Pres. Trust*, 265 F.3d  722, 729 (8th Cir. 2001); *see* Mo. Rev. Stat. §§ 375.296, 375.420.  "These statutes are penal in nature and narrowly construed; their purpose is to deter the insurer from vexatiously refusing to pay 'after becoming aware it has no meritorious defense' to the insured's claim."  *State of Missouri ex rel. Pemiscot County, Mo. v. W. Sur. Co.*, 51 F.3d 170, 174 (8th Cir. 1995).  "To support a claim of vexatious refusal to pay proceeds of an insurance policy, the insured must show the insurer's refusal to pay is willful and without reasonable cause, as the facts would appear to a reasonable and prudent person."  *Mears v. Columbia Mut. Ins. Co.*, 855 S.W.2d 389,

394 (Mo. App. W.D. 1993).  "When there is an open question of law or fact, the insurer may insist upon a judicial determination of those questions without being penalized." *Joachim Sav. & Loan Ass'n v. State Farm Fire & Cas. Co.*, 764 S.W.2d 648, 651 (Mo. App. E.D. 1988).  "The existence of a litigable factual or legal issue, however, does not preclude a vexatious penalty where there is evidence the insurer's attitude was vexatious and recalcitrant." *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984).  "To prove vexatious refusal to pay, the insured is not required to present direct and specific evidence." *Id.*  "Instead, the jury may find that the refusal to pay was vexatious based 'upon a general survey and a consideration of the whole testimony and all the facts and circumstances in connection with the case.'" *Id.* "Generally, whether an insurer acted reasonably is a question of fact for the jury, and thus is improper for a court to determine in granting a summary judgment." *May & May Trucking, L.L.C. v. Progressive Nw. Ins. Co.*, 429 S.W.3d 511, 516 (Mo. App. W.D. 2014).  "However, in cases in which the underlying facts are undisputed, that question of fact becomes a question of law for the court to properly decide." *Id.* at 516-17.

Here, disputed facts preclude the Court from deciding the vexatious refusal claim as a matter of law on Church Mutual's motion for summary judgment.  While Church Mutual was entitled to insist on a determination of whether there was coverage and is entitled to insist on a determination of what the amount of damages are, viewing the facts in light most favorable to Dimension and drawing all reasonable inferences therefrom in favor of Dimension (as this Court must), evidence does exist in this case from which a reasonable jury may conclude that Church  Mutual's refusal to pay was vexatious and

14

recalcitrant.  The jury should be allowed to undertake a general survey and consideration of the whole testimony and all the facts and circumstances in connection with this case making that finding.  Accordingly, this Court must deny Church Mutual's motion for summary judgment as it relates to Count II for vexatious refusal to pay.

## V.    CONCLUSION

In conclusion, this Court finds that Church Mutual had knowledge that Dimension's last mailing address should have been the full mailing address with the PMB modifier.  Church Mutual's incorrectly addressed notice of cancellation was ineffective to cancel its January 2024 policy with Dimension.  Therefore, Dimension is entitled to partial summary judgment on Count I finding that Church Mutual breached its contract with Dimension when it denied Dimension's May 26, 2024, claim.  However, genuine issues of material fact exist regarding the damages Dimension sustained under Count I such that Dimension's motion for summary judgment on Count I is partially denied.  Finally, disputed facts preclude the Court from deciding the vexatious refusal claim as a matter of law on Church Mutual's motion for summary judgment

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Dimension Church's Motion for Partial Summary Judgment on Count I of its Petition [Doc. 20] is **GRANTED IN PART** and **DENIED IN PART,** as set forth herein.

**IT IS FURTHER ORDERED** that defendant Church Mutual Insurance Company, S.I.'s Motion for Summary Judgment [Doc. 23] is **DENIED**, as set forth herein**.**

**IT IS FURTHER ORDERED** that this matter will proceed with a jury trial regarding Dimension's damages under Count I for breach of contract and Count II for vexatious refusal to pay from **May 27, 2026-May 29, 2026**.

**SO ORDERED** this 5th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE