UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DIMENSION CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-00226-SNLJ |
| | ) | |
| CHURCH MUTUAL INSURANCE | ) | |
| COMPANY, S.I., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON RECONSIDERATION

This matter is before the Court the on the defendant Church Mutual Insurance Company, S.I.'s (hereinafter "Church Mutual") motion for reconsideration of this Court's entry of partial summary judgment in plaintiff's favor on the issue of liability for breach of contract.  [Doc. 41].  The motion has been fully briefed and is ripe for disposition.  In addition to the motion for reconsideration, this Court had the parties submit additional briefing regarding the vexatious refusal to pay claim.  The parties have submitted their additional briefs.  [Docs. 46-48].  For the reasons set forth below, the motion for reconsideration [Doc. 41] is **GRANTED** and the Court further amends its May 5, 2026, Order as set forth in more detail below.

### I.      BACKGROUND

Plaintiff Dimension Church (hereinafter referred to as "Dimension") originally filed this action alleging breach of contract and vexatious refusal to pay claims against Church Mutual in the Circuit Court of Stoddard County, Missouri.  *See Dimension Church v.*

*Church Mutual Insurance Company*, S.I., Case No. 24SD-CC00107, Circuit Court of Stoddard County, Missouri.  [Doc. 2-2 at p. 12].  The action was removed to this Court on December 13, 2024, based upon diversity jurisdiction.  [Doc. 1].

Dimension and Church Mutual each filed a motion for summary judgment.  [Docs. 20, 23].  Dimension's motion for partial summary judgment alleged that there were no genuine issues of material fact on Count I of the petition for its breach of insurance contract claim.  [Doc. 20].  Church Mutual's motion for summary judgment alleged that it was entitled to summary judgment on all of Dimension's claims because "the uncontroverted material facts demonstrate that no contract existed at the time of the loss" so that Dimension could not prove an essential element of its breach of contract claim and derivative vexatious refusal claim.  [Doc. 23].

On May 5, 2026, this Court granted partial summary judgment for Dimension finding that Church Mutual breached the insurance contract.  [Doc. 38].  Church Mutual has now filed the instant motion to reconsider alleging that entry of partial summary judgment in favor of Dimension was in error because there was conflicting evidence before the Court sufficient to create a genuine dispute of material fact as to what was the last known mailing address that Church Mutual knew for Dimension.  [Doc. 41].

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not authorize or mention a motion to reconsider.  *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999).  However, the Eighth Circuit has determined that motions for reconsideration are "nothing more than Rule 60(b) motions

2

when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp*., 340 F.3d 520, 525 (8th Cir. 2003)).  Motions for reconsideration are authorized to correct manifest errors of law or to present newly discovered evidence.  *Hagerman v. Yukon Energy Corp*., 839 F.2d 407, 414 (8th Cir. 1988).

### III.    DISCUSSION

### A.  Count I – Breach of Contract

Church Mutual argues a manifest error of law was made by this Court in granting Dimension's partial motion for summary judgment on Count I for breach of contract. Specifically, Church Mutual argues that this Court improperly made a finding regarding a disputed material fact: whether Church Mutual had knowledge that Dimension's last mailing address included the postal mailing box (PMB) modifier.  In support, Church Mutual emphasizes the following additional relevant facts and evidence from the record:

1. The declarations page of the policy indicated a mailing address without the PMB modifier [Doc. 25-2 at p. 17];

2. The testimony of Neil Ziegler that cancellation notices are mailed to the mailing and physical addresses that Church Mutual has in its policy administration system [Doc. 22-26 at 16:12-20, 21:16-17, 22:10-13];

3. The testimony of Neil Ziegler that distinguished between physical address, mailing address, and billing addresses and that the mailing address in the policy administration system may be different than the physical address and billing address [*Id.* at 21:18-22:13];

4. The testimony of Neil Ziegler that the addresses in Church Mutual's policy administration system are obtained from, and changed by, customers [*Id.* at 23:4-6, 21:18-22:3, 22:18-24, 20:16-17];

5. Cancellation notices that had been sent to Dimension in 2021 and earlier were sent to the mailing address with the PMB modifier [Doc. 22-5];

3

6. The testimony of Neil Ziegler that the mailing address in Church Mutual's policy administration system for Dimension Church changed from 2021 to 2024 which would indicate an address change, which occurs at the request of a customer [Doc. 22-26 at 18:4-20:17];

7. The testimony of Dimension's pastor, Christopher Masters, was that Dimension had received various mailings from Church Mutual after 2021 to the mailing address without the PMB modifier [Doc. 25-3 at 63:5-14; 75:6-10; 198:14-199:6; 199:16-20]; and,

8. The property loss report submitted by Dimension to Church Mutual after the May 2024 loss indicated that the mailing address for Dimension was 205 W. Bus. US Hwy 60, Dexter, MO without the PMB modifier [Doc. 22-18 at p. 5].

A review of these additional facts and evidence in conjunction with a totality of the record demonstrates to this Court that a genuine issue of material fact regarding what the last mailing address known to Church Mutual was at the time the cancellation notice was mailed for the January 2024 policy does, in fact, exist. After a thorough review of the facts and evidence presented, the Court has numerous questions like:

Did Dimension ever give Church Mutual different addresses?

Was Church Mutual ever put on notice that Dimension only received mail if it included the PMB modifier?

Did Dimension receive documents from Church Mutual to the mailing address without the PMB modifier?

Did Dimension receive all the documents from Church Mutual that were sent to the mailing address with the PMB modifier?

Why didn't Church Mutual send the cancellation notice to every mailing address it knew of or may have known of for Dimension?

At the time Church Mutual sent prior cancellation notices to Dimension at the mailing address with the PMB modifier, did the policy declarations page at that time indicate that the mailing address contained the PMB modifier?

4

> Why did Dimension use the mailing address without the PMB modifier on its property loss report submitted to Church Mutual?

If the Court has cause to question the facts behind a materially substantive element of a claim, then summary judgment is not proper. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" when ruling on a motion for summary judgment…" *Id.* at 255. Accordingly, the genuine factual issues regarding what the last mailing address known to Church Mutual was at the time the cancellation notice was mailed for the January 2024 policy can only be properly resolved by a finder of fact because it "may reasonably be resolved in favor of either party." *Id.* at 250.

Based on the foregoing, the jury, not this Court, must hear and weigh the evidence concerning the "last mailing address known" to Church Mutual before determining whether Church Mutual breached its insurance contract with Dimension in denying coverage for the loss. Therefore, the motion for reconsideration [Doc. 41] is **GRANTED**. Dimension's partial motion for summary judgment on Count I of its petition [Doc. 20] is **DENIED** in its entirety.

## B.  Count II - Vexatious Refusal to Pay

Count II of the Petition is a claim against Church Mutual for vexatious refusal to pay. The Court denied Church Mutual's motion for summary judgment on Count II. [Doc.

38].  However, based upon the Court's reconsidered ruling regarding Count I for breach of contract (*supra*) and the supplemental briefs submitted by the parties regarding whether contested damages preclude a vexatious refusal to pay claim, this Court now **GRANTS** Church Mutual's motion for summary judgment as it relates to Count II for vexatious refusal to pay.

The vexatious refusal to pay claim in Missouri provides that an insured may obtain damages from his or her insurance company for vexatious refusal to pay a claim "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse."  Mo. Rev. Stat. § 375.420.  This statute is clearly penal in nature and must be strictly construed.  *State of Missouri ex rel. Pemiscot County, Mo. v. W. Sur. Co.*, 51 F.3d 170, 174 (8th Cir. 1995).  The purpose is to deter an insurer from vexatiously refusing to pay "after becoming aware it has no meritorious defense" to the insured's claim.  *Id.*  To prevail, an insured must show that the insurer's refusal to pay was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person.  *Mears v. Columbia Mut. Ins. Co.*, 855 S.W.2d 389, 394 (Mo. App. W.D. 1993). That determination is then based upon a general survey and consideration of the whole testimony and all the facts and circumstances in connection with the case.  *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984).  "When there is an open question of law or fact, the insurer may insist upon a judicial determination of those questions without being penalized."  *Joachim Sav. & Loan Ass'n v. State Farm Fire & Cas. Co.*, 764 S.W.2d 648, 651 (Mo. App. E.D. 1988).

In the present case, the parties have bona fide disputes.  There is a bona fide dispute

6

as to whether coverage exists (*see supra*).  Missouri courts have found that no vexatious penalty should exist when an insurer's refusal to pay a loss is based upon a claim that there has been a lapse in the policy because such a claim or defense is not willful and without reasonable cause and excuse, even when the insurer does not prevail on that claim or defense.  *See Lake v. Farm Bureau Mut. Ins. Co. of Missouri*, 624 S.W.2d 28, 29-30 (Mo. App. E.D. 1981); *see also Medling v. Abraham Lincoln Life Ins. Co.*, 41 S.W.2d 6 (Mo. App. 1931) (insurance company held as a matter of law not liable for penalty for vexatious delay where there was abundant evidence that policy had lapsed); *see also Howard v. Aetna Life Ins. Co.*, 164 S.W.2d 360 (Mo. 1942) (penalty for vexatious refusal to pay was not allowed where insurer contended that policy had lapsed before insured's death and there had been nonpayment of premiums).

Based upon the bona fide disputes that exist in this case, a claim for vexatious refusal to pay should not be allowed to continue against Church Mutual.  Therefore, Church Mutual's motion for summary judgment [Doc. 23] is **GRANTED** as it relates to Count II for vexatious refusal to pay.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Church Mutual Insurance Company, S.I.'s Motion to Reconsider [Doc. 41] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Dimension Church's Motion for Partial Summary Judgment on Count I of its Petition [Doc. 20] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Church Mutual Insurance Company,

7

S.I.'s Motion for Summary Judgment [Doc. 23] is **DENIED** as it relates to Count I for

breach of contract and is **GRANTED** as it relates to Count II for vexatious refusal to pay.

      **IT IS FINALLY ORDERED** that this matter will proceed to a jury trial from **June

15, 2026-June 17, 2026**, regarding **ONLY** Count I for breach of contract

      **SO ORDERED** this 28th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE