UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DIMENSION CHURCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:24-cv-00226-SNLJ |
| | ) | |
| CHURCH MUTUAL INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court held a pretrial conference in this matter on August 19, 2026. [Doc. 110]. Joseph Blanton Jr. and Mark Blanton appeared for the plaintiff, and Kathleen McCarthy and Timothy Wolf appeared for the defendant. All pending motions were taken up by the Court. For the reasons stated on the record, and based on the agreement of the parties as set forth in Document 93:

**IT IS HEREBY ORDERED** that defendant's Motion for Sanctions [Doc. 76] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike Fact and Corporate Representative Ryan Adams Testimony [Doc. 107] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court rules as follows on plaintiff's Amended Motions in Limine [Doc. 63]:

> **Motions in Limine 1 and 2** – **GRANTED** to the extent that the parties agreed that there shall be no reference to any issues with respect to any policies/policy periods other than the most recent one. Plaintiff shall be allowed to testify that in 2023, Plaintiff paid policy premiums using Church Mutual's AutoPay feature, but there will be no other testimony or evidence regarding the prior policy periods.

Plaintiff may also introduce testimony as to how Church Mutual obtains addresses, the distinction between mailing/billing addresses, which are used for what, and the processes for how the addresses are generated for mailings, generally, but will not seek to introduce evidence or testimony regarding prior policy periods, including but not limited to Plaintiff's Ex. 15.

**Motion in Limine 3** – **GRANTED** to the extent that defendant agrees that it will not put on evidence or make argument that plaintiff should have obtained replacement insurance. However, defendant should be able to put on evidence/argument that plaintiff did not have active insurance at the time of the loss and/or following the cancellation date.

**Motions in Limine 4, 5, 6, 7, and 8 – GRANTED** without objection by defendant.

**IT IS FURTHER ORDERED** that the Court rules as follows on defendant's Motions in Limine [Doc. 57]:

**Motions in Limine 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 19, 22, 24, 25, 25, and 32** – **GRANTED** without objection by plaintiff.

**Motions in Limine 23, 29, and 31** – **WITHDRAWN** by defendant.

**Motion in Limine 9** – **GRANTED** over objection by plaintiff.

**Motion in Limine 14** – **GRANTED** subject to the parties agreement that party representatives may be present throughout all stages of the trial, even if they are testifying as fact witnesses.

**Motion in Limine 28** – **GRANTED** over objection by plaintiff. Court to determine post-trial if applicable.

**Motions in Limine 17, 21, 27, and 33** – **DENIED**.

**Motions in Limine 18, 20** – **DEFERRED**.

**Motion in Limine 30** – **GRANTED in part** as to replacement cost claimed under § 379.140 RSMo. and **DENIED in part** as to replacement cost claimed under the Policy. The Court's ruling is set forth in detail in the record of the pretrial conference.

**IT IS FURTHER ORDERED** that the Court rules as follows on defendant's Supplemental Motions in Limine [Doc. 68]:

**Motions in Limine 34, 36, 37, 38** – **GRANTED** without objection by plaintiff.

**Motion in Limine 35 - GRANTED in part** as to vexatious conduct, claim handling, and/or any testimony other than failure to mitigate and **DEFERRED in part** as to testimony regarding failure to mitigate to be determined at trial.

**Motion in Limine 40 - GRANTED in part** pursuant to plaintiff's agreement as to the amount of the mortgage; Plaintiff may refer to the existence of a Mortgagee.

**SO ORDERED** this 20th day of August, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE